**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

**GWENDOLYN R. RUCKER,**

**Plaintiff,**

**v.**                                                       **Case No. 21-2122**

**DEPARTMENT OF HUMAN SERVICES,**

**Defendant.**

**SCHEDULING ORDER**

The Honorable Eric I. Long, U.S. Magistrate Judge.

Plaintiff, proceeding pro se, pursues this civil rights action.  All Defendants have been served, and there are no pending issues requiring discussion.  Accordingly, this case is ready for scheduling deadlines.

This case is entering the discovery phase, which means that each party should be seeking admissible evidence to support the party's claims or defenses.  In general, Federal Rules of Civil Procedure 26-37 govern discovery between the parties.  Federal Rule of Civil Procedure 45 governs discovery from nonparties.

Facilitating the discovery process in pro se cases can be difficult, and this Order is being issued to help explain and streamline the process for the parties.  The parties should carefully read this order, which contains important information about deadlines, discovery, and the Court's procedures.  Failure to follow the instructions in this Order may result in sanctions, including dismissal of this case.

**IT IS ORDERED:**

1.      If not already filed, answers are due as specified in the Federal Rules of Civil Procedure, unless otherwise directed by the Court or the Central District's Local Rules.

2.      Amendments to a complaint are governed by Federal Rule of Civil Procedure 15. Leave of Court is required to file an amended complaint more than 21 days after an Answer or other responsive pleading is filed. Fed. R. Civ. P. 15(a). If Plaintiff seeks to file an amended complaint, he must file a motion to do so, attaching the proposed amended complaint. The proposed amended complaint must stand complete on its own, including exhibits. The amended complaint, if accepted, will replace the prior complaint in its entirety. Plaintiff should explain in his motion for leave to file an amended complaint how the amended complaint differs from the complaint on file and why it is necessary.

3.      **Plaintiff's initial disclosures are due by February 21, 2022.** Pursuant to Rule 26(a)(1), Plaintiff shall provide the following to Defendants' counsel, not to the Court:

    A. The names of the persons with knowledge of the relevant incidents whom Plaintiff may use to support his claims, along with a short description of what each person knows;

    B. Copies of documents Plaintiff possesses which Plaintiff may use to support his claims;

    C. A statement of the injuries Plaintiff suffered and the relief Plaintiff seeks.

4.      Defendant's initial disclosures are due by **February 21, 2022.** Defendants shall provide to Plaintiff, to the extent relevant and not already possessed by Plaintiff or provided to Plaintiff:

    A. The names and working addresses of the persons with knowledge of the relevant incidents whom Defendants may use to support their defense, along with a short description of what each person knows;

B. Copies of any other documents, whether paper or electronically stored, which Defendants may use to support their claims or defenses.

5. The parties are under a continuing obligation to supplement or correct the disclosures ordered above, as well as any other discovery responses. Fed. R. Civ. P. 26(c). This means the parties must update the information they have provided as additional information becomes available.

6. If Plaintiff plans to use expert testimony, **Plaintiff's expert disclosures** under Federal Rule Civil Procedure 26(a)(2) are due to Defendants by **April 18, 2022.** Plaintiff's expert witness depositions to be taken by **May 23, 2022.**

7. If Defendants plan to use expert testimony, **Defendants' expert disclosures** under Federal Rule Civil Procedure 26(a)(2) are due to Plaintiff by **June 20, 2022.** The disclosures are not filed in Court. Defendant's expert witness depositions to be taken by **July 22, 2022.**

8. In general, the federal rules give 30 days for a party to respond to discovery requests. Discovery requests and responses are not filed with the Court, unless they are the subject of a motion to compel.

9. Fed. R. Civ. P. 33(a)(1) allows parties to serve no more than 25 written interrogatories, including subparts. Rule 26(b) provides that leave to increase this number may be granted only upon a showing of good cause.

10. Oral depositions taken by Plaintiff are limited to the depositions of named Defendants. If either party seeks to take an oral deposition, he must give reasonable written notice to every other party pursuant to Federal Rule of Civil Procedure 30(b)(1). Plaintiff must coordinate with defense counsel to schedule the date, time, and location of the deposition before scheduling the deposition with the witness.

11.     If a Defendant objects to a discovery request for security reasons or for a reason listed under Fed. R. Civ. P. 26(b)(2)(C), then the Defendant must file a motion for a protective order under Rule 26(b)(2)(C) and/or a motion for an *in camera* inspection. The motion is due within the deadline for responding to the discovery request.

12.     The parties are responsible for obtaining and serving their own subpoenas to obtain information from nonparties. If Plaintiff seeks a subpoena, Plaintiff must file a motion requesting the issuance of a subpoena. The motion must set forth the addressee of the subpoena, the information Plaintiff seeks, and a short description of the relevance of the information. If the Court approves the subpoena, Plaintiff is responsible for serving the subpoena and complying with Federal Rule of Civil Procedure 45. CDIL-LR 45.1; *see also* <u>Ott v. City of Milwaukee</u>, 682 F.3d 552, 557 (7th Cir. 2012)(subpoena seeking documents may be served by certified mail).

13.     Written discovery requests must be mailed to a party at least 30 days before the discovery deadline.

14.     Discovery requests and responses are not filed with the Court. CDIL-LR 26.3(A). Plaintiff must mail his discovery requests directly to Defendants' counsel and not file the requests with the Court or the Clerk. Discovery requests sent to the Clerk or Court will be returned unfiled, unless those requests are attached to and the subject of a motion to compel.

15.     A motion to compel cannot be filed until after a party has failed to adequately respond to a discovery request. Motions to compel must be filed within 14 days of receiving an unsatisfactory response to a timely discovery request, and after all efforts at resolving the dispute have been exhausted. Before filing a motion to compel, the parties must meet and confer pursuant to Rule 37(a)(1) in an attempt to resolve the dispute without court action. Prior to filing a motion to compel, the parties are encouraged to contact the Court (217-373-5839) to schedule an informal conference to resolve the discovery disputes. Motions to compel discovery must be accompanied

by the relevant portions of the discovery request and the response. The party filing the motion must explain exactly what information he seeks and why the response was inadequate. A motion to compel not containing this information may be stricken.

16.     Plaintiff is advised that the costs of litigation, including discovery, are not paid by the Court, even if Plaintiff is proceeding in forma pauperis. The in forma pauperis statute does not allow the Court to waive or pay other expenses of litigation.

17.     Plaintiff is not entitled to a free transcript of his deposition. However, Defendants must attach Plaintiff's entire deposition transcript to a summary judgment motion if Defendants rely on Plaintiff's deposition testimony in their motion.

18.     If a party seeks action by the Court, a filing should be titled as a motion stating the specific action the party seeks. Every filing must have the case name and number on the first page. In general, only motions and responses to motions should be filed, unless otherwise directed by the Court. Replies to responses are not allowed unless filed with regard to a summary judgment motion. CDIL-LR 7.1(B)(3); 7.1(D)(3). Random exhibits and letters will not show as pending on the Court's docket and will not be considered by the Court. Repetitive or duplicate motions will be stricken.

19.     Plaintiff is advised not to send originals of any document to the Clerk or Court because after the Clerk scans a document into the electronic filing system, the document is destroyed.

20.     Plaintiff is responsible for making and keeping his own copies of filings. If Plaintiff seeks a copy of a filing from the Clerk, Plaintiff must identify the filing and pay up front 10 cents per page for the copy.

21.     Plaintiff must keep the Clerk informed in writing of Plaintiff's current address and phone number. Failure to do so will result in dismissal of this case, with prejudice.

22.    **Discovery closes July 22, 2022.**

23.    **Summary judgment motions are due August 22, 2022.** A summary judgment motion by Defendants which relies on Plaintiff's deposition must attach the complete copy of the deposition. If no response to the summary judgment motion is filed, the motion will be considered uncontested and will be granted. The response to a summary judgment motion must be supported with more than just the allegations made in the complaint. The response must be supported with evidence, which may include: affidavits made on personal knowledge; documents in the record; and information provided during discovery. Replies to responses to summary judgment motions are allowed but must be limited to addressing new matters raised in the response and not restating arguments already raised in the motion for summary judgment. CDIL-LR 7.1(D)(3).

24.    A **Final Pretrial Conference** is set by personal appearance on **January 9, 2023, at 10:00 a.m.**, in Courtroom A in Urbana before Judge Colin Stirling Bruce. **Jury Trial** set for **January 24, 2023, at 9:00 a.m.**, in Courtroom A in Urbana before Judge Colin Stirling Bruce. (Trial estimated 3 days.)

25.    A **telephone status conference** is set before Judge Eric I. Long on **May 9, 2022, at 10:15 a.m.** The call-in number is 551-285-1373, then enter meeting ID 160 924 96574.


ENTERED: January 19, 2022


_____
            s/ ERIC I. LONG
   UNITED STATES MAGISTRATE JUDGE