IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| GWENDOLYN R. RUCKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )  No. 21-2122-CSB |
| | ) |
| ILLINOIS DEPARTMENT OF | ) |
| HUMAN SERVICES, | ) |
| | ) |
| Defendant. | ) |

## **PRE-TRIAL ORDER**

This matter having come before the Court at a pre-trial conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.1; and

Gwendolyn Rucker, having appeared *pro se*,

and Lisa Cook, Assistant Attorney General, having appeared as counsel for the Defendant, the following action was taken:

### I.    NATURE OF ACTION AND JURISDICTION

This is an action for damages brought pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112. Plaintiff alleges that she suffers from cold intolerance and Osteoarthrosis/Degenerative Joint Disease and that Defendant discriminated against her in violation of the ADA by failing to accommodate her request to close her office door from April 2019 to February 2020. An office decision was made in Plaintiff's work location in April 2019 to require all employees to keep their doors open during operational hours. DHS denies that it discriminated against Plaintiff in violation of the ADA.

The jurisdiction of the Court is invoked under 28 U.S.C. § 1331. The jurisdiction of the Court is not disputed.

## II. JOINT STATEMENT

### A. JURISDICTION

This is an action for damages, brought pursuant to 42 U.S.C. § 12112 for alleged discrimination under the ADA. Because the claim in this case arises under federal law, the existence of subject matter jurisdiction pursuant to 28 U.S.C. § 1331 is not contested.

### B. UNCONTESTED ISSUES OF FACT

1. Plaintiff, Gwendolyn Renee Rucker, worked for the Department of Human Services as a Clerk Typist, Public Aid Eligibility Assistant, Human Service Caseworker, and Human Service Casework Manager.

2. Plaintiff held the position of Human Service Casework Manager from May 16, 2017, until her retirement from DHS on August 31, 2020.

3. On April 29, 2019, all DHS staff in the Kankakee County Family Community Resource Center were advised by Local Office Manager Janice Fick that they were required to keep their office doors open during operational hours.

4. In December 2010, Plaintiff was approved by Central Management Services to utilize a personal heater in her work space.

5. The Kankakee County Family Community Resource Center serves a s cooling center for the community during the summer months.

6. Plaintiff was on an Occupational Disability Medical Leave of Absence from September 19, 2019, for carpal tunnel and Epicondylitis (2 pinched nerves in right forearm) surgery until she returned to work on January 16, 2020.

7. During her medical leave of absence, Plaintiff received FMLA short term disability from her employer.

### C. CONTESTED ISSUES OF FACT

1. Whether Plaintiff's office was, in fact, intolerably cold.

2. Whether Plaintiff was disabled under the ADA.

3. Whether Defendant regarded Plaintiff as disabled.

4. Whether the accommodation Plaintiff requested in the form of closing her door was reasonable.

Plaintiff proposes the following contested issues of fact that are not agreed by Defendant, but that Plaintiff believes are contested issues of fact:

1. Whether Plaintiff suffers from severe coughing spells.

2. Whether Defendant failed to adhere to a previously approved reasonable accommodation.

3. Whether Plaintiff presented evidence that DHS or an employee of DHS knew of her arthritis or cold intolerance.

### D. CONTESTED ISSUES OF LAW

1. Whether Defendant is entitled to judgment as a matter of law on Plaintiff's claim.

### E. JURY DEMAND

Both parties demand a trial by jury in this matter.

### III.    PLAINTIFF'S STATEMENT

1. ITEMIZED STATEMENT OF DAMAGES

    a. Plaintiff seeks compensatory damages for pain and suffering, lost wages, mental anguish, emotional distress, and inconveniences totaling $62,870;

    b. Plaintiff also seeks $25,000.00 damages for a HIPAA violation; and

    c. Plaintiff seeks punitive damages for retaliation that equals $51,000.00.

### IV.    EXHIBITS ATTACHED

The following are attached as exhibits to this order and are made a part hereof:

A. Stipulation of Uncontested facts and issues of law (signed by all parties).

B. Plaintiff's Witness List.

C. Defendant's Witness List.

D. Plaintiff's Exhibit List.

E. Defendant's Exhibit List.

F. Joint Exhibit List.

G. Proposed Jury Instructions (Joint).

H. Defendant's Proposed Instructions (only if objections by plaintiff).

IT IS UNDERSTOOD BY THE PARTIES THAT:

Any Trial Briefs or Motions *in limine* must be filed as directed by the Court but in no event less than 14 days prior to trial.

A party may supplement a list of witnesses or exhibits only upon good cause shown in a motion filed and served upon the other parties prior to trial; except that, upon the development of testimony fairly shown to be unexpected, any party may, with leave of Court, call such contrary witnesses or use such exhibits as may be necessary to counter the unexpected evidence, although not previously listed, and without prior notice of any other party.

It is mutually estimated that the length of trial will not exceed **2** full days. The case will be listed on the trial calendar to be tried when reached.

Once a final version of this order has been approved by the Court, it may be modified at the trial of the action, or prior thereto, only to prevent manifest injustice. Such modification may be made either on motion of counsel for any party or on the Court's own motion. Any additional proposed jury instructions shall be submitted to the Court within five days before the commencement of the trial, but there is reserved to counsel for the respective parties the right to submit supplemental proposals for instructions during the course of the trial or at the conclusion of the evidence on matters that could not reasonably have been anticipated.

IT IS SO ORDERED.

s/Colin S. Bruce
JUDGE COLIN S. BRUCE

ENTERED: 11/4/2024

APPROVED AS TO FORM AND SUBSTANCE:

s/Gwendolyn R. Rucker (*with consent*)
Gwendolyn Renee Rucker, Plaintiff, *pro se*

s/Lisa Cook
Lisa Cook, Attorney for the Defendant

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| GWENDOLYN R. RUCKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) No. 21-2122 |
| | ) |
| ILLINOIS DEPARTMENT OF | ) |
| HUMAN SERVICES, | ) |
| | ) |
| Defendant. | ) |

## STIPULATION OF UNCONTESTED FACTS AND ISSUES OF LAW

1. Plaintiff, Gwendolyn Renee Rucker, worked for the Department of Human Services as a Clerk Typist, Public Aid Eligibility Assistant, Human Service Caseworker, and Human Service Casework Manager.

2. Plaintiff held the position of Human Service Casework Manager from May 16, 2017, until her retirement from DHS on August 31, 2020.

3. On April 29, 2019, all DHS staff in the Kankakee County Family Community Resource Center were advised by Local Office Manager Janice Fick that they were required to keep their office doors open during operational hours.

4. In December 2010, Plaintiff was approved by Central Management Services to utilize a personal heater in her work space.

5. The Kankakee County Family Community Resource Center serves a s cooling center for the community during the summer months.

6. Plaintiff was on an Occupational Disability Medical Leave of Absence from September 19, 2019, for carpal tunnel and Epicondylitis (2 pinched nerves in right forearm) surgery until she returned to work on January 16, 2020.

7. During her medical leave of absence, Plaintiff received FMLA short term disability from her employer.

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| GWENDOLYN R. RUCKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) No. 21-2122 |
| | ) |
| ILLINOIS DEPARTMENT OF | ) |
| HUMAN SERVICES, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S WITNESS LIST

1. Plaintiff, Gwendolyn R. Rucker

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| GWENDOLYN R. RUCKER, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) No. 21-2122 ) |
| ILLINOIS DEPARTMENT OF HUMAN SERVICES, | ) ) ) ) |
| Defendant. | ) |

## DEFENDANT'S WITNESS LIST

1) Gwendolyn R. Rucker, Plaintiff;
2) Janice Fick
3) Jossue Espinosa

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| GWENDOLYN R. RUCKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) No. 21-2122 |
| | ) |
| ILLINOIS DEPARTMENT OF | ) |
| HUMAN SERVICES, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S EXHIBIT LIST**

1. Medical Note dated December 9, 2014
2. Medical Note dated October 19, 2023
3. DHS Physician's Medical Review dated May 19, 2009
4. SERS Occupational Disability Medical Report dated September 25, 2019
5. Email chain dated May 2, 2017 & April 28, 2017
6. Public photo showing 285 N. Schuyler Avenue, Kankakee, IL 60901
7. Email chain with Jossue Espinosa re: the HUB
8. Email chain with Janice Fick, Jossue Espinosa, and Yaquantis Adams re: Door/Medical
9. Medical Note dated May 20, 2019
10. Medical Note dated May 11, 2009
11. Unidentified photograph
12. Workers' compensation witness report dated October 30, 2019
13. AFSCME Contract Grievance dated February 3, 2020
14. FMLA Approval notice

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GWENDOLYN R. RUCKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 21-2122 |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| HUMAN SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S EXHIBIT LIST

1. CMS heater authorization dated December 20, 2010
2. Doctor's note dated 5/20/19
3. FMLA paperwork for 2019 surgery
4. Personnel file, as needed
5. Plaintiff's interrogatory responses
6. Plaintiff's complaint
7. Plaintiff's deposition taken December 13, 2022

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| GWENDOLYN R. RUCKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) No. 21-2122 |
| | ) |
| ILLINOIS DEPARTMENT OF | ) |
| HUMAN SERVICES, | ) |
| | ) |
| Defendant. | ) |

**JOINT EXHIBIT LIST**

None.